**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) No. 4:97CR00243-004 |
| | ) |
| **KIRBY K. KEHOE** | ) |
| | ) |
| **Defendant** | ) |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'**
**MOTION FOR ORDER TO AUTHORIZE PAYMENT**
**FROM INMATE TRUST ACCOUNT**

**I.  STATEMENT OF THE CASE**

The Defendant Kirby Kehoe is in federal custody and is currently assigned FCI Tuna, Federal Correctional Institution, P.O. Box 1000, Anthony, New Mexico.  The United States Attorney's Office was made aware that Kehoe had substantial funds in his inmate trust account maintained by the Bureau of Prisons. [1]  The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.  Kehoe received an economic impact

---

[1]     Since 2014, United States Attorney's Office and United States Marshals Office has worked with BOP to cross-reference funds on deposit in inmate trust accounts with judgments that include special assessments, restitution, fines, and forfeiture imposed by district courts at sentencing. As a result of these cooperative efforts, judges have ordered millions of dollars seized and/or offset from the inmate accounts in full or partial satisfaction of outstanding debt owed to the Federal Government.

payment of $1,400 on May 28, 2021, which was deposited in his inmate trust account. The United States has requested that the Warden encumber all but $200 of these funds until it could file a Motion requesting that this money be applied to Kehoe's restitution debt and obtain a ruling from the Court.  The United States has received confirmation that $1,553.40 has been encumbered. The United States brings this Motion pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) to have $1,533.40 in Kehoe's inmate trust account paid to the United States District Clerk's Office to be applied to the restitution owed to the victims in his criminal case.  The current balance he owes in restitution is $54,409.60. Alternatively, pursuant to 18 U.S.C. § 3664(k), the United States notifies the Court that Kehoe's substantial balance in his inmate trust account is a material change in his economic circumstance that affects his ability to pay restitution and requests the Court require payment of this amount towards his restitution obligation.

## II. STATEMENT OF FACTS

The defendant was found guilty of Racketeering Acts on August 24, 1999.  The Court sentenced him to 44 and 1/2 months imprisonment to run consecutive to his sentence in 2:98CR067-001 ED/WA and ordered him to pay a $100 special assessment and restitution in the amount of $55,400.00 (Doc. #896, p. 4).   Kehoe was ordered to pay the special assessment immediately and restitution in installments to commence thirty days after the judgment. (Doc. #896, p. 5).  The criminal judgment further provided that that the payment of his criminal monetary penalties would be due during the period of imprisonment and should be made through the Bureau of Prison's Inmate Financial Responsibility Program. *Id.*  The special assessment has been paid.  Kehoe still owes

2

$54,409.60 in restitution and has not made a payment since March 13, 2018 through the Inmate Financial Responsibility Program.

Kehoe is currently imprisoned under a June 2014 Arizona federal criminal sentence. (Case No. 13CR08223, Doc. # 77).  He pled guilty to felon in possession of a firearm and was sentenced to 120 months imprisonment and 3 years supervised release. *Id.*

### III. DISCUSSION

Under the Crime Victims' Rights Act, crime victims are entitled to full and timely restitution as provided in law. 18 U.S.C. § 3771(a)(6).  The United States has a statutory duty to collect restitution owed to crime victims. 18 U.S.C. § 3612(c).  Kehoe has served his criminal sentence in this case but has not paid his restitution debt.  He has not made a payment since March, 2018.  He is currently incarcerated under a federal criminal judgment from Arizona.  Upon entry of the criminal judgment, pursuant to 18 U.S.C. § 3613(c), a federal tax-type lien arose on all Kehoe's property and rights to property. Congress has authorized the United States to use any federal or state procedure to enforce a restitution order. 18 U.S.C. § 3613(a) & (f), 18 U.S.C. § 3664(m). The money in Kehoe's inmate trust account does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case.  *See* 18 U.S.C. § 3613(a)(1).  For criminal debts such as restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade: (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal

3

statutes: (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). The United States has a lien on Kehoe's inmate trust account and may request that the Court order the money be paid to the Clerk's office towards his restitution.

The United States can also request the turnover of substantial resources received by a defendant from any source during the term of incarceration. Pursuant to 18 U.S.C. § 3664(n), if a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed. Kehoe's receipt of a $1,400 economic impact payment is a substantial resource under 18 U.S.C. § 3664(n), as well as the other funds held in his inmate trust account. The receipt of stimulus checks has been found to constitute a material change of an inmate's economic circumstances under 18 U.S.C. § 3664(n). *See United States v. Brown*, 2021 WL 1945855 (E.D. MO 2021); *United States v. Burnett*, 2021 WL 1945856 (E.D. MO 2021).

Alternatively, pursuant to 18 U.S.C. § 3664(k), the United States notifies the Court that Kehoe's receipt of the $1,400 economic impact payment and the balance of $1,533.40 in his inmate trust account is a material change in his economic status and requests the Court order that $1,533.40 be applied to his restitution debt. *See Brown*, 2021 WL1945855. In accordance with this provision, the undersigned attorney certifies that a copy of this Motion has been sent to the victims.

## IV.  CONCLUSION

For the reasons stated above, the United States requests that the Court grant its

Motion and order that $1,533.40 from Kehoe's inmate trust account be paid to the Clerk's

Office to be applied to his restitution debt.

Respectfully submitted,

JONATHAN D. ROSS
Acting United States Attorney

Stacey E. McCord
Assistant U.S. Attorney
AR Bar No. 87114
P.O. Box 1229
Little Rock, AR 72203
Telephone: 501-340-2630
E-mail: Stacey.mccord@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing with the
U.S. District Court using the Electronic Case Filing System, and mailed a copy of such
via U.S. Mail, postage prepaid to:

Malcom & Jill Friedman
Scott Mueller
Kimma Gurel
Glen Trux

Kirby Keith Kehoe
USMS Reg. #09133-085
FCI La Tuna
P.O. Box 3000
Anthony, NM  88021-3000

Stacey E. McCord
Assistant U.S. Attorney