**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          **Case No.: 4:97-cr-00243-004**

KIRBY K. KEHOE                                                        DEFENDANT

## ORDER

According to the Government, Defendant Kirby K. Kehoe owes restitution in the amount of $54,409.60.[1]  That balance stems from a criminal Judgment entered by this Court against Mr. Kehoe in 1999, which included an order of restitution in the amount of $55,400.[2]  Mr. Kehoe is a federal inmate.[3]  The Government asks this Court to order the authorization of payment of funds from Mr. Kehoe's inmate trust account to the Clerk of this Court.[4]  Mr. Kehoe has not filed a response to the Government's Motion or otherwise contested the veracity of the Government's factual assertions.  For the reasons that follow, the Court GRANTS the Government's Motion.

The Government says Mr. Kehoe "received an economic impact payment of $1,400 on May 28, 2021, which was deposited into his inmate trust account."[5]  The Government asked the warden at the institution in which Mr. Kehoe was housed to encumber all but $200 of that account.[6]  The warden did so, encumbering $1,553.40.[7]  The Government wants the Court to authorize the

---

[1]  Gov.'s Br. in Supp. of Mot. for Order to Authorize Payment (Doc. 1444) at 2.

[2]  Judgment (Doc. 896) at 4.

[3]  Gov.'s Br. in Supp. of Mot. for Order to Authorize Payment (Doc. 1444) at 1.

[4]  Gov.'s Mot. for Order to Authorize Payment (Doc. 1443).

[5]  Gov.'s Br. in Supp. of Mot. for Order to Authorize Payment (Doc. 1444) at 1–2.

[6]  *Id.* at 2.

[7]  *Id.*

Bureau of Prisons to transfer this amount to the Clerk of this Court to partially satisfy Mr. Kehoe's outstanding restitution obligation.[8]

The Government asserts that relief is proper under 18 U.S.C. § 3644(n).[9] That statute says in part:

> If a person obligated to provide restitution . . . receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed.[10]

The Court concludes that this statute applies here. While incarcerated and subject to a restitution order, Mr. Kehoe received $1,400 ("substantial resources") from Congress ("any source"). Per § 3644(n), Mr. Kehoe must apply the $1,400 to his restitution obligation.

Even if § 3644(n) does not authorize the full relief the Government seeks ($1,533.40), 18 U.S.C. § 3644(k) does. Section 3644(k) requires Mr. Kehoe to notify the Court and the Government "of any material change" in Mr. Kehoe's "economic circumstances that might affect" Mr. Kehoe's "ability to pay restitution."[11] The Government can make this notification too.[12] Either way, if the Court receives such a notification, the Court can "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[13] The Court concludes that Mr. Kehoe's receipt of the $1,400 constitutes a material change to Mr. Kehoe's economic circumstances. Mr. Keough had roughly $333 in his inmate trust account prior to the $1,400 infusion.[14] Mr. Kehoe's crime victims have been waiting a long time to receive recompense, and

---

[8]   Gov.'s Mot. for Order to Authorize Payment (Doc. 1443).

[9]   Gov.'s Br. in Supp. of Mot. for Order to Authorize Payment (Doc. 1444) at 4.

[10]   18 U.S.C. § 1664(n).

[11]   *Id.* § 1664(k).

[12]   *Id.*

[13]   *Id.*

[14]   The Court makes a few assumptions to get to this figure. Recall the Government asked the warden to encumber all but $200 of Mr. Kehoe's inmate trust account. The warden encumbered $1,533.40. Presumably, this left Mr.

Mr. Kehoe will still have (after this Order) a not insignificant amount of money in his inmate trust account.  In short, the $1,400 materially altered Mr. Kehoe's ability to pay restitution, and the interests of justice require Mr. Kehoe to turn over $1,533.40 to the victims of his crimes.

### Conclusion

The Government's Motion for Order to Authorize Payment from Inmate Trust Account is GRANTED.

IT IS HEREBY ORDERED that the United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Arkansas $1,533.40 from the inmate trust account of Kirby K. Kehoe toward Mr. Kehoe's restitution debt via check payable to "United States District Court, Eastern District of Arkansas," referencing Case No. 4:97-cr-00243-004 and delivered either personally or by First Class Mail to:

Clerk of the U.S. District Court
600 W. Capitol Ave. # A149
Little Rock, AR 72201

Alternatively, the Bureau of Prisons may make the required payment to the Clerk of Court within 30 days of the date of this Order via electronic transfer in the manner that it makes payments through the Inmate Financial Responsibility Program.  Said payment shall be in the amount of $1,533.40.

IT IS SO ORDERED this 28th day of October 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

Kehoe with $200.  $200 plus $1,533.40 equals $1,733.40.  $1,733.40 minus $1,400 equals $333.40.